UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARINE TRAVELIFT INC.,

        Plaintiff,

  v.                                        Case No. 10-C-0238

GARY MANSELL,
MARINE LIFT SYSTEMS, INC., and
INDUSTRIAL MOBILE CRANES, INC.,

        Defendants.

**ORDER**

In this lawsuit Plaintiff Marine Travelift, Inc. alleges twelve separate claims against one or more of the following defendants: Gary Mansel, Marine Lift Systems, Inc., and Industrial Mobile Cranes, Inc. (collectively "Defendants"). The allegations, which include breach of a distributorship agreement, misappropriation of trade secrets, fraud, antitrust violations, unfair competition, and trademark infringement, all stem from the distributorship agreement between Wisconsin-based Marine Travelift—a manufacturer of large hoists that lift boats in and out of the water—and Marine Lift Systems, a Florida company that buys and sells such hoists. Essentially plaintiff alleges that Gary Mansel, the primary stockholder in Marine Lift Systems, used information gained through his relationship with Marine Travelift to unfairly benefit another company he controls, Industrial Mobile Cranes, Inc. This matter is presently before the court on Defendants' motion to dismiss under Fed. R. Civ. P. 12(b) for lack of personal jurisdiction, improper venue, and failure to state a claim. (Dkt. 45.)

Plaintiffs brief in opposition was filed late and, therefore, struck. (Dkt. 50.) In striking Plaintiff's brief in opposition this Court noted: "if Plaintiff is able to demonstrate excusable neglect within the meaning of Rule 6(b)(1)(B), an extension may be granted and Plaintiff's responsive brief may be filed. If not, the Court will decide the pending motion based on the record as it now stands." (October 5, 2010 Order Denying Motion for Extension of Time, Dkt. 51.) Over a month has passed and Plaintiff has made no attempt to demonstrate excusable neglect. Accordingly, Defendant's motion to dismiss is ripe for disposition. Absent any opposition to Defendants' motion, the Court has no choice but to grant it. For the reasons set forth herein, plaintiff's third amended complaint will be dismissed without prejudice for lack of personal jurisdiction over two of the defendants and improper venue.

The pertinent facts are not disputed: all three defendants are citizens of the State of Florida. (Third Am. Compl. at ¶¶ 2-5.) None of the events giving rise to the claims against Gary Mansell or Industrial Mobile Cranes occurred in Wisconsin. All of the events alleged in the Third Amended Compalint occurred in Florida. (Third Am. Compl. at ¶ 9-34.) The Distributor Agreement at issue is between plaintiff and Marine Lift Systems; the other two defendants are not parties to the Agreement. (Third Am. Compl. at ¶ 9.)

Defendants move to dismiss based on a lack of personal jurisdiction over the two defendants, Gary Mansell and Industrial Mobile Cranes, Inc. Plaintiff, who bears the burden of proving personal jurisdiction, *RAR, Inc. v. Turner Diesel, Ltd.,* 107 F.3d 1272, 1276 (7th Cir. 1997), has neither pled nor presented any evidence that Gary Mansell or Industrial Mobile Cranes, Inc. are subject to personal jurisdiction in Wisconsin. Instead, plaintiff's complaint alleges that "defendants executed a Distributor Agreement with the plaintiff that called for choice of law to be Wisconsin."

(Third Am. Compl. at ¶ 8.) This allegation is only sufficient to establish personal jurisdiction over Marine Lift Systems because the Distributor Agreement is between plaintiff and Marine Lift Systems; Gary Mansell and Industrial Mobile Cranes are not parties to the Agreement. (Pl. Mem. Supp. Mot. Dismiss, Ex A.) Accordingly, the motion to dismiss against Mansell and Industrial Mobile Cranes for lack of personal jurisdiction will be granted.

Defendants have also moved for dismissal for improper venue. Venue may be proper for the same case in more than one district. Venue would clearly be proper in Florida but this Court must determine whether venue is proper in Wisconsin. Venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same state." 28 U.S.C. § 1391(b)(1). Here, venue is not proper under § 1391(b)(1) in any district in Wisconsin because none of the three defendants reside in Wisconsin. Likewise Plaintiff has failed to allege that a substantial part of the events or omissions giving rise to the claim occurred in Wisconsin so venue is improper under 28 U.S.C. § 1391(b)(2). The catchall provision in 28 U.S.C. § 1391(b)(3) does not apply because venue is both proper and possible in Florida. Once Defendants raise an objection to venue, via their Fed. R. Civ. P. 12(b) motion, "the burden is on the plaintiff to establish that the district he or she has chosen is a proper venue." 14D WRIGHT MILLER COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3D § 3826 (citing *Grantham v. Challenge-Cook Bros., Inc.,* 420 F.2d 1182 (7th Cir. 1969)). Here, Defendants have properly raised an objection to venue but plaintiff has not shown that venue in the Eastern District of Wisconsin is proper. Therefore, this action will be dismissed because Wisconsin is not a proper venue with respect the Defendants.

Because personal jurisdiction is absent as to two of the defendants and venue is improper, this Court does not reach Defendants' arguments under Fed. R. Civ. P. 12(b)(6) for dismissal for failure to state a claim upon which relief can be granted. (Dkt. 45 at 6-30.)

3

In conclusion, Plaintiff's case will be dismissed without prejudice because venue in the Eastern District of Wisconsin is improper.  Dismissal without prejudice is also appropriate as to defendants Gary Mansell and Industrial Mobile Cranes because this Court lacks personal jurisdiction over them.  Accordingly, and for the reasons set forth above, Defendant's motion to dismiss is **GRANTED** without prejudice**.**  Defendants' motion to strike (Dkt. 17) is **DENIED** as moot, as is Plaintiff's motion to dismiss Defendants' counterclaims.

Dated this   11th   day of November, 2010.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge